DISTRICT OF OREGON: ss, AFFIDAVIT OF JEFFREY THOMAS

## Affidavit in Support of a Criminal Complaint

I, Jeffrey Thomas, being first duly sworn, hereby depose and state as follows:

## Introduction and Agent Background

1. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7). I am currently employed as a Special Agent with the Drug Enforcement Administration (DEA), United States Department of Justice, and have been so employed since 2012. In that capacity, I investigate violations of the Controlled Substances Act, Title 21, United States Code, Section 801, *et. seq*. My current assignment is with the DEA Salem Resident Office, investigating controlled substances crimes. My training and experience includes completion of the sixteen (16) week DEA Basic Agent Training course at the Justice Training Center in Quantico, Virginia. This training focused on the identification of controlled substances; how controlled substances are consumed; the means by which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activity; and the laws relating to the forfeiture to the United States of assets purchased with drug proceeds or assets used or intended to be used to facilitate drug violations. I am familiar with investigations of drug trafficking organizations, including methods of importation and distribution of controlled substances. I have assisted with multiple investigations, including nine wiretap investigations, and cases involving organizations trafficking several different controlled substances to include heroin, methamphetamine, cocaine, fake oxycodone/fentanyl pills, and marijuana. These investigations have resulted in the seizure of controlled substances as well as United States currency and the prosecution of many defendants.

2. This affidavit is based upon a joint investigation, conducted by the McMinnville Police Department (MPD), Yamhill County Sheriff's Office (YCSO), the Drug Enforcement Administration (DEA), and the Federal Bureau of Investigation (FBI).

## Purpose of Affidavit

3. This affidavit is submitted to support a criminal complaint and arrest warrant for John Kyle **DONNAHOO**, a Caucasian male, date of birth xx/xx/1994 (hereinafter "**DONNAHOO**"), for committing the crime of distribution of fentanyl, a schedule II controlled substance, that resulted in death and serious bodily injury, all in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

4. I have obtained the facts set forth in this affidavit through my personal participation in the investigation described below; from oral reports of other law enforcement officers; and, from records, documents and other evidence obtained during this investigation.

## Summary of Probable Cause

5. In the early morning hours of February 10, 2023, seven victims were admitted to the hospital (Yamhill County Medical Center) after overdosing on a substance they believed was cocaine. One of the victims was later pronounced deceased. Of the six remaining victims, thus far, two have been forthcoming and cooperative. Both of these cooperating victims identified **DONNAHOO** as the person that supplied the substance that caused the seven overdoses. The substance **DONNAHOO** delivered later field tested presumptive positive for fentanyl, a Schedule II controlled substance.

6. On February 10, 2023, at approximately 1:05 a.m., the Yamhill County emergency dispatch received a report of multiple overdoses at a house located at 2022 NW Cedar Street in McMinnville, Oregon. Officers with the McMinnville Police Department (MPD)

were the first to respond and found four people unconscious at the residence. Officers used the four doses of Narcan available to them without reviving all four victims (referred to herein as AV-1, AV-2, AV-3, and AV-4). I know that Narcan (Naloxone) is used to counter the effects of an opioid overdose. MPD then requested the assistance of the Yamhill County Sheriff's Office (YCSO). Deputies with the YCSO arrived and administered further doses of Narcan to the four victims. Officers at the scene believed that the four victims faced a substantial risk of death and would likely die if they did not receive professional medical assistance. The four victims were then transported by ambulance to the Willamette Valley Medical Center (WVMC), a hospital in McMinnville, Oregon. I know that two of the victims (AV-1 and AV-2) were still unconscious upon admission to WVMC.

7. All four victims, who were in critical condition, were admitted to the emergency room at WVMC to be treated for their drug overdoses. AV-1 was pronounced deceased after her arrival at the WVMC. As of February 13, 2023, AV-2 is expected to be downgraded from the Intensive Care Unit (ICU) to a regular hospital room. AV-3 and AV-4 were released from the WVMC the day they were admitted.

8. Around the same time that the four victims (AV-1, AV-2, AV-3, and AV-4) arrived at the WVMC from 2022 NW Cedar Street, three additional overdose victims (referred to herein as AV-5, AV-6, and AV-7) were dropped off at the WVMC via private vehicle. AV-5, AV-6, and AV-7 were all unconscious when they arrived at the hospital and were admitted to the emergency room at WVMC in critical condition to be treated for their drug overdoses. All three victims have since been released from the WVMC.

///

///

9. Detectives with the MPD have interviewed most of the victims. Two of the victims have been cooperative and identified **DONNAHOO** as the person that delivered the substance that led to the seven overdoses.

**Interview of Victim 3 (AV-3)**

10. Adult Victim 3 (AV-3) was interviewed by MPD Detectives on February 10, 2023, and then again on February 12, 2023. AV-3 has no criminal history and was very cooperative with investigators. Investigators believe the information provided by AV-3 to be credible and reliable. AV-3 has known **DONNAHOO** socially for several years and has also worked in construction for a business operated by **DONNAHOO**.

11. AV-3 reported that s/he contacted **DONNAHOO** via Facebook messenger on February 9, 2023, to order $100 worth of cocaine. AV-3 showed Detectives the Facebook account with the profile name of "John Donnahoo" that also displayed a profile photo of a person AV-3 identified as **DONNAHOO**. AV-3 stated that **DONNAHOO** and/or AV-3 had deleted some of the messaging between them and could not be reviewed anymore. The messages where AV-3 requested the cocaine appear to have been deleted and the remaining messages are logistical in nature.

12. AV-3 told detectives that early in the morning on February 10, 2023, DONNAHOO arrived at the house at 2022 NW Cedar Street, McMinnville, Oregon with three other male subjects and delivered what AV-3 believed to be cocaine to multiple people in the garage at the residence. AV-3 said that the substance was on a mirror and was passed around to several different people to include AV-1, who is now deceased. AV-3 said that **DONNAHOO** warned AV-3 to be careful as this cocaine may contain fentanyl. AV-3 said that s/he then tested

///

the substance twice with some version of a fentanyl test kit. AV-3 said there was a problem with the first test but that the second test was negative for fentanyl.

13. AV-3 and the other victims then consumed the substance provided by **DONNAHOO**. AV-3 reported that they had snorted cocaine before and immediately knew that something was different about this substance. AV-3 told detectives that AV-3 became dizzy and felt his/her body temperature increasing. AV-3 also noticed that the others were also showing signs of overdosing as well. The next thing AV-3 remembered was waking up at the hospital.

**Interview of Adult Victim 7 (AV-7)**

14. On February 12, 2023, Detective Rediger and Sgt. Desmond interviewed AV-7 at the McMinnville Police Department. AV-7 spoke with detectives voluntarily and was very cooperative. AV-7 has a criminal history that includes a DUII conviction. Investigators believe that AV-7 is credible and reliable. AV-7 claimed to have known **DONNAHOO** personally for several years.

15. AV-7 told detectives that **DONNAHOO** had driven Victims AV-5, AV-6, and AV-7 to the house at 2022 NW Cedar Street in McMinnville, Oregon so they could use cocaine together and with others at the house. AV-7 believed that **DONNAHOO** had obtained the cocaine before they all met up. AV-7 stated that upon arrival, Victims AV-5, AV-6, and AV-7 went to the garage to use some of the substance supplied by **DONNAHOO**. AV-7 said that they snorted the substance from a mirror in the garage. AV-7 said that AV-5 and AV-6 started turning blue and showing signs of overdosing very soon after using the substance supplied by **DONNAHOO**. AV-7 said that **DONNAHOO** told them that they needed to get to the hospital. AV-7 said that **DONNAHOO** then drove Victims AV-5, AV-6, and AV-7 to the hospital (WVMC) and dropped them off. AV-7 said that AV-5 and AV-6 had passed out and s/he

attempted to keep AV-5 and AV-6 alive enroute to the hospital until AV-7 eventually passed out as well. Victims AV-5, AV-6, and AV-7 were all treated and later released from the hospital.

16. Officers seized a mirror from the garage that AV-1 said the victims had used to snort lines of the substance provided by **DONNAHOO**. On February 13, 2023, Captain Elliot with the YCSO tested the substance from the mirror with a "Trunarc" field testing device. I witnessed that the field test returned a presumptive positive test for fentanyl, a Schedule II controlled substance, but did not indicate the presence of cocaine.

17. I know that fentanyl is an extremely powerful synthetic opioid that is up to 50 times stronger than heroin and 100 times stronger than morphine. I also know that extremely small amounts of fentanyl can kill an individual.

## Conclusion

18. Based on the foregoing, I have probable cause to believe, and I do believe, that John Kyle **DONNAHOO** committed the crime of Distribution of a Controlled Substance (fentanyl), and that death and serious bodily injury resulted, all in violation of Title 21, United States Code, Section 841(a)(1) and 841(c)(1)(C). I therefore request that the Court issue a criminal complaint and arrest warrant for John Kyle **DONNAHOO**.

19. Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney Scott Kerin. AUSA Kerin advised me that in his opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

///

///

**Request for Sealing**

20. It is respectfully requested that the Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested criminal complaint and arrest warrant. I believe that sealing these documents is necessary because the information to be seized is relevant to an ongoing investigation, and any disclosure of the information at this time may endanger the life or physical safety of an individual, cause flight from prosecution, cause destruction of or tampering with evidence, cause intimidation of potential witnesses, or otherwise seriously jeopardize an investigation. Premature disclosure of the affidavit, the criminal complaint, and the arrest warrant may adversely affect the integrity of the investigation.

*By phone pursuant to Fed R. Crim. P. 4.1*
Jeffrey Thomas
Special Agent
Drug Enforcement Administration

Subscribed and sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 6:14 pm on February 13, 2023.

Youlee Yim You
HONORABLE YOULEE YIM YOU
UNITED STATES MAGISTRATE JUDGE